UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN SCOTT JORGENSEN, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) No. 2:23-cv-00333-NT |
| KATHY JORGENSEN and PETER JORGENSEN, | ) ) ) ) |
| Defendants | ) ) |

**ORDER ON THE PLAINTIFF'S MOTION TO MAINTAIN THE CASE AND RECOMMENDED DECISION ON THE DEFENDANTS' MOTIONS TO DISMISS**

Before me are the Plaintiff John Scott Jorgensen's motion to maintain the case based on tortious interference, *see* Motion to Maintain Case (ECF No. 11), and the Defendants Kathy and Peter Jorgensen's respective motions to dismiss, *see* Kathy's Motion to Dismiss (ECF No. 12); Peter's First Motion to Dismiss (ECF Nos. 14-15); Peter's Second Motion to Dismiss (ECF No. 16). Peter raises two counterclaims in his motions.[1] *See* Peter's First Motion to Dismiss at 8-11; Peter's Second Motion to Dismiss at 6-7. For the reasons below, John's motion to maintain the case is denied, and I recommend that the Court grant Kathy and Peter's motions to dismiss John's complaint and, separately, dismiss Peter's counterclaims.

### I. Background

Because every party in this matter has elected to proceed pro se, I will liberally

---

[1] Although the caption of Kathy's motion references a counterclaim, none are discernable in its substance. *See generally* Kathy's Motion to Dismiss.

1

construe their filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that pro se documents must be "liberally construed"); *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008) (noting that courts must "hold pro se pleadings to less demanding standards that those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects").

This case arises from the events leading up to the death of the parties' mother, Alice P. Jorgensen, and the subsequent distribution of her estate. *See* Peter's Second Motion to Dismiss at 2. Alice died testate in June 2012, and her will was admitted to probate in Lincoln County, Maine in August 2012. *See* Agreement Between Beneficiaries (ECF No. 1-2) at 1. Alice was survived by her three children, John, Kathy,[2] and Peter, and her will bequeathed to them the entirety of her estate. *Id; see also* Alice's Will (ECF No. 19-1) at 1-2. In the spring of 2013, the parties entered into a binding agreement stating that Alice "intended her estate be equally distributed" to them, John had received "certain non-probate assets of [Alice's] not received by either of his siblings," and that to achieve Alice's intent, John waived any right to his share of Alice's probate assets, which would be equally divided between Peter and Kathy. *See* Agreement Between Beneficiaries at 1.

In December 2022, John filed suit in this Court against Kathy, Peter, and three Maine attorneys, challenging the disbursement of Alice's estate. *See generally Jorgensen v. Jorgensen, et al.*, No. 2:22-cv-00397-NT, 2023 WL 2308701 (D. Me. Mar. 1, 2023) (rec. dec.), *aff'd*, 2023 WL 3006490 (D. Me. Apr. 18, 2023).

---

[2] Alice's will refers to Kathy by her legal name: Anne Katherine Jorgensen.

2

In April 2023, the case was dismissed for lack of complete diversity. *See generally id.*

In August 2023, John brought the current suit by filing what he titled a "complaint to amend caption," stating that he had removed all non-diverse defendants and intended the new complaint to replace the previously dismissed case. *See* Complaint (ECF No. 1) at 1. The complaint names only Peter and Kathy as defendants, and alleges generally that their actions broke Alice's trust, but identifies no apparent cause of action. *See generally id.*

In late August 2024,[3] John filed what he captioned as a "motion to maintain case based upon tortious interference." Motion to Maintain Case at 1. In it, John broadly claims that Kathy and Peter tortiously interfered with his expectancy in Alice's estate by way of criminal theft, embezzlement, fraud, deceit, defamation, and undue influence. *Id.* at 2-3. Specifically, John alleges that Kathy and Peter wrote themselves checks from Alice's bank accounts to prevent him from receiving his fair portion of her estate, and interfered with Alice's housing, healthcare, and insurance coverage prior to her death. *Id.* These claims largely parrot what John alleged in the earlier dismissed action. *See Jorgensen v. Jorgensen, et al.*, No. 2:22-cv-00397-NT, 2023 WL 2308701, ECF No. 1 (D. Me. Dec. 15, 2022) (complaint).

Kathy and Peter each then filed answers combined with motions to dismiss the complaint. *See generally* Kathy's Motion to Dismiss; Peter's First Motion to Dismiss; Peter's Second Motion to Dismiss. Every motion argues that John failed to establish

---

[3] This case was stayed from September 2023 until August 2024 while the First Circuit considered John's appeal of this Court's dismissal of his prior action, which it ultimately affirmed. *See* Order Staying Case (ECF No. 7); Order Lifting Stay (ECF No. 10).

3

tortious interference and that the suit is a frivolous attempt to challenge the estate's distribution by resurrecting a twelve year old probate matter. *See* Kathy's Motion to Dismiss at 1-2; Peter's First Motion to Dismiss at 3-8; Peter's Second Motion to Dismiss at 3-6. Peter also raised two counterclaims, which I liberally construe as asserting causes of action for gross negligence and breach of fiduciary duty. *See* Peter's First Motion to Dismiss at 8-11; Peter's Second Motion to Dismiss at 6-7.

## II.  Discussion

Liberally construed, John's motion to maintain the case is the functional equivalent of a first amended complaint. A party may amend its original pleading "once as a matter of course" within twenty-one days after it has been served. Fed. R. Civ. P. 15(a)(1)(A). Once that time period expires, a party may not amend its pleading absent "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). John completed service on September 1, 2023, *see* Certificate of Service (ECF No. 4) at 1, and did not file his motion to maintain the case until nearly a year later, *see* Motion to Maintain the Case at 1. Nothing in the record indicates that John obtained Kathy and Peter's consent or the Court's leave to file an amended complaint and add a cause of action for tortious interference. Consequently, John's motion to maintain the case is denied as procedurally deficient.

I also recommend that the Court grant Kathy and Peter's motions to dismiss the complaint. Even liberally construed, the complaint fails to offer sufficient facts

4

from which I could "intuit the correct cause of action."[4] *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("[P]ro se status does not insulate a party from complying with procedural and substantive law."); *see also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (emphasizing that pro se plaintiffs must still "plead basic facts sufficient to state a claim").

Moreover, even if John had properly pleaded tortious interference, his claim would be time barred by Maine's six-year statute of limitations.[5] *See* 14 M.R.S. § 752; *see also Henderson v. Laser Spine Inst.*, 815 F.Supp.2d 353, 380 (D. Me. Sept. 28, 2011) (explaining that when Maine is the forum state, federal courts sitting in diversity must apply the state's substantive law, which includes its applicable statute of limitations); *Weaver v. Hall*, No. Civ.A.CV-04-395, 2005 WL 2716533, at *2 (Me. Super. Ct. May 6, 2005) (stating that "[a] cause of action for tortious interference with an expected inheritance is governed by" 14 M.R.S. § 752 and "generally accrues at the time of the interference, which is at the time of the transfer of the asset which would have otherwise passed through the will, but for the claimed tortious interference"). The most recent transfer of Alice's assets

---

[4] The complaint offers only the following allegations: "Peter and Kathy forfeited their trust from Decedent Alice P. Jorgensen [b]y imposing a 20 day eviction notice from Coburg Village and attempting to impose [i]nvoluntary incarceration on her at Alice's 90th birthday party." Complaint at 2.

[5] This result would not change if John had pleaded tortious interference on the basis of fraud, triggering the application of 14 M.R.S. § 859, Maine's tolling statute. Based on the parties' filings, John should have discovered any cause of action or fraud before Alice's estate disbursement in August 2012, or soon thereafter, placing his claim well beyond the six-year period. *See Drilling & Blasting Rock Specialists, Inc. v. Rheaume*, 2016 ME 131, ¶¶ 17-19, 147 A.3d 824 (stating that the Law Court has long interpreted 14 M.R.S. § 859 to toll the "limitations period 'until the existence of the cause of action or fraud is discovered or should have been discovered by the plaintiff in the exercise of due diligence and ordinary prudence'") (quoting *Westman v. Armitage*, 215 A.2d 919, 922 (Me. 1966)).

was in 2012, which lands John's claim well outside of the six-year window.

I recommend that the Court dismiss Peter's counterclaims for the same reason. The general rule is that a cause of action "accrues at the time the plaintiff sustains a judicially cognizable injury." *Martin v. Nat'l Gen. Ins. Co.*, No. 2:21-cv-00102-NT, 2024 WL 69636, at *2 n.4 (D. Me. Jan. 5, 2024) (citing *Chiapetta v. Clark Assocs.*, 521 A.2d 697, 699 (Me. 1987)). The facts supporting Peter's counterclaims of gross negligence and breach of fiduciary duty all pertain to John's care of Alice before her death. *See* Peter's First Motion to Dismiss at 8-11; Peter's Second Motion to Dismiss at 6-7. It follows, therefore, that both causes of action accrued prior to June 2012, significantly past the six-year limitation period, and nothing in the record suggests otherwise. *See Verizon N.E., Inc. v. Fleet Elec. Servs., Inc.*, No. CV-04-646, 2006 WL 1990819, at *1 (Me. Super. Ct. June 2, 2006) (applying 14 M.R.S. § 752 to a gross negligence claim); *Miller v. Miller*, 2017 ME 155, ¶¶ 3, 7-13, 167 A.3d 1252 (applying 14 M.R.S. § 752 to a breach of fiduciary duty claim).

### III. Conclusion

The wrongs alleged in this matter are plainly based on events or actions that occurred, and which all of the parties knew about, over a decade ago, and it is simply too late now to revive and seek redress for those grievances. Thus, for the aforementioned reasons, John's motion to maintain the case is **DENIED** and I **RECOMMEND** that the Court grant Kathy and Peter's motions to dismiss John's complaint and dismiss Peter's counterclaims. *See* Fed. R. Civ. P. 41(b)-(c).

6

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: October 30, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge
